Citation Nr: 21049999
Decision Date: 08/13/21 Archive Date: 08/13/21

DOCKET NO. 13-00 764
DATE: August 13, 2021

REMANDED

Entitlement to service connection for a bilateral shoulder disorder, to include as secondary to a service-connected disability is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Army from February 1969 to December 1970.

Entitlement to service connection for a bilateral shoulder disorder, to include as secondary to a service-connected disability is remanded.

The Veteran's claim for entitlement to service connection for a bilateral shoulder disorder was remanded by the Board in May 2018 to obtain a VA medical opinion as to whether the Veteran's bilateral shoulder disorder was caused or aggravated by his service-connected cervical spine disorder, lumbar spine disorder, or right upper extremity radiculopathy. Although a VA opinion was obtained in October 2020, review of the opinion reflects that it is internally inconsistent; accordingly, a new VA opinion is required.

Specifically, the October 2020 VA examiner opined that it was less likely than not that the Veteran's bilateral shoulder disorder was aggravated by his service-connected lumbar and cervical spine disorders because the service-connected disabilities were "specific to the spine and do not trigger or create deficits in the shoulders." However, in the October 2020 VA examination report, the examiner stated that the Veteran had "documented severe cervical [intervertebral disc syndrome] with radiculopathy that is impacting his shoulder pain" and that "[w]hat he perceives as shoulder radicular symptoms . . . is likely due to the [intervertebral disc syndrome] and cervical radiculopathy." These findings suggest that the Veteran's bilateral shoulder disorder may be caused or aggravated by his service-connected cervical spine and/or right upper extremity radiculopathy disorders. In light of these conflicting opinions, a new VA opinion is required.

The matters are REMANDED for the following action:

Obtain a supplemental opinion from the examiner who conducted the October 2020 examination, if available, to clarify the etiology of the Veteran's bilateral shoulder disorder. The Veteran's claims file and a copy of this remand must be reviewed by the examiner. Based upon a complete review of the evidence of record, to include the Veteran's lay statements and the January 2014 medical opinion by VA physician G.L., M.D., the VA examiner must provide an opinion as to whether the Veteran's bilateral shoulder disorder was caused or aggravated by his service-connected cervical spine disorder, lumbar spine disorder, or right upper extremity radiculopathy. The examiner is asked to clarify the contradictory opinions provided in the October 2020 VA opinion and the October 2020 VA examination, as discussed above.

The examiner is advised that aggravation is defined as any increase in severity of a nonservice-connected disease or injury that is proximately due to or the result of a service-connected disease or injury, and not due to the natural progress of the nonservice-connected disease. The examiner is advised that a finding that the bilateral shoulder disability was aggravated beyond the normal progression due to a service-connected disability does not require evidence of permanent worsening and may encompass any additional impairment in earning capacity resulting from an already service-connected condition.

If the examiner who provided the October 2020 opinion is not available, the Agency of Original Jurisdiction should obtain a new VA opinion as to whether the Veteran's bilateral shoulder disorder was caused or aggravated by his service-connected cervical spine disorder, lumbar spine disorder, or right upper extremity radiculopathy. The examiner's opinion must be based upon a complete review of the evidence contained in the claims file, to include the Veteran's competent lay statements and the January 2014 medical opinion by VA physician G.L., M.D. The rationale for any opinion expressed must be set forth. If deemed necessary by the examiner in order to provide the requested opinion, schedule a VA examination of the Veteran.

 

 

B. G. LeMoine

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board M. Katz, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.